CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRANK AUSTIN ARCHER,<br>    Plaintiff, | Civil Action No. 7:07CV00038 |
| v. | **MEMORANDUM OPINION** |
| DR. WILBUR F. AMONETTE, et al.,<br>    Defendants. | By Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Frank Austin Archer, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Archer has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[*]

## Background

Archer has been incarcerated at Pulaski Correctional Center (PCC) since August 22, 2006. In his first claim, Archer alleges that Dr. Wilbur Amonette, Rebecca Arney, Timothy Thompson, and Michelle Kesling failed to adequately evaluate his medical conditions, which include hypertension, anemia, "kidney and liver ailments," and hepatitis. Archer further alleges that these defendants failed to properly review his medical file, and that it took him three months to receive appropriate medical care.

In his second claim, Archer alleges that Courtney Scherer, Clarence Hollar, and Dr. Harvard Stephens failed to properly respond to his grievances. Archer contends that the prison's internal grievance program is unfair, and that it lacks an "in-depth, fact-finding process."

Archer submitted several internal grievance forms with his complaint. On November 19,

---

[*] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

2006, Archer submitted an informal complaint in which he alleged that he was "being deliberately denied adequate medical care by Dr. Wilbur Amonette, Timothy Thompson, Rebecca Combs, and Pulaski CC." Specifically, Archer alleged that even though he had been to the medical department for "many evaluations [and] meetings with Dr. Amonette [and] Pulaski medical staff," Dr. Amonette did not take his complaints of high blood pressure seriously and prescribed several blood pressure medications that "caused other health ailments." Archer further alleged that Dr. Amonette had finally decided to try different tests for his medical ailments after three months of "experimentation."

Dr. Amonette responded to Archer's informal complaint on November 22, 2006. Dr. Amonette emphasized that Archer has "several problems that need study and tests and treatment that can take time." Dr. Amonette also noted that Archer "had these problems before [he was] transferred [to Pulaski]" and that the medical department would "continue to evaluate and treat [his] problems depending on test results and response to treatment."

Upon receiving Dr. Amonette's response, Archer filed a formal grievance. Archer again alleged that Dr. Amonette and the physician's staff had failed to properly review his medical file, that Dr. Amonette had misdiagnosed his medical problems, and that Dr. Amonette had "experimented" with his health for three months. Archer's complaints were investigated by the Warden of PCC, Clarence Hollar, who determined that the grievance was unfounded. Archer appealed the Warden's decision to Dr. Harvard Stephens, the Director of Health Services for the Virginia Department of Corrections. Dr. Stephens also determined that Archer's grievance was unfounded.

**Discussion**

In order to state a claim under § 1983, a plaintiff must allege facts sufficient to establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed Archer's allegations, the court concludes that he has failed to state a claim of constitutional magnitude against any of the named defendants.

1. Inadequate Medical Care

It is well settled that a prison official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the official acts with deliberate indifference to the inmate's serious illness or injury. Estelle v. Gamble, 429 U.S. 97, 102 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison official must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Applying these principles, the court concludes that Archer has failed to state a claim against Dr. Amonette and the other medical defendants. It is clear from Archer's submissions

3

that he has been evaluated by Dr. Amonette and other members of the physician's staff on multiple occasions, that he has been prescribed medications, and that he has undergone medical testing. While Archer may disagree with Dr. Amonette's assessment of his medical problems, or the physician's decision to "experiment" with certain medications, such disagreements fail to state a claim for deliberate indifference. See Russell, 528 F.2d at 319; Wright, 766 F.2d at 849. Even assuming that Dr. Amonette or the other medical defendants somehow acted negligently in diagnosing or treating Archer's medical problems, or in reviewing Archer's medical records, neither negligence nor malpractice is actionable under § 1983. See Estelle, 429 U.S. at 105-106. Because Archer has failed to allege sufficient facts to establish that any of the medical defendants were aware of and disregarded his serious medical needs, Archer's claim against these defendants must be dismissed.

2. Inadequate Response to Grievances

Archer has also failed to state a claim against Courtney Scherer, Clarence Hollar, and Dr. Harvard Stephens. Since inmates have no constitutional right to participate in grievance proceedings, Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), the manner in which a grievance is investigated or responded to does not give rise to a § 1983 claim. Likewise, because a state grievance procedure does not confer any substantive rights upon inmates, an official's failure to comply with the grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**Conclusion**

For the reasons stated, the court concludes that Archer has failed to state a claim upon which relief may be granted. Thus, the court will dismiss his complaint without prejudice,

4

pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ~~1st~~ day of ~~January~~ February, 2007.

/s/ Judge
United States District Judge

5

Case 7:07-cv-00038-GEC-mfu   Document 5   Filed 02/01/07   Page 5 of 5   Pageid#: 49